IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY and | ) | |
| AUTO-OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 5:11-cv-198 |
| MIDDLE GEORGIA MANAGEMENT | ) | |
| SERVICES, INC., Trading As | ) | |
| Statesboro Finance Company; | ) | |
| BRANDY MORRIS MCCRARY; | ) | |
| KASEY MORRIS; and | ) | |
| EDWARD STETSON; | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COME NOW OWNERS INSURANCE COMPANY ("Owners") and AUTO-OWNERS INSURANCE COMPANY ("Auto-Owners") and file this Complaint for Declaratory Judgment, showing the Court as follows:

**PARTIES**

1.

Owners is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business in Michigan.  Owners is a citizen of the state of Michigan.

2.

Auto-Owners is a corporation organized and existing under the laws of the state of Michigan, with its principal place of business in Michigan.  Auto-Owners is a citizen of the state of Michigan.

3.

Middle Georgia Management Services, Inc., trading as Statesboro Finance Company ("Middle Georgia"), is a corporation organized and existing under the laws of the state of Georgia, with its principal place of business in the Middle District of Georgia.  Middle Georgia is a citizen of the state of Georgia and is subject to the jurisdiction and venue of this Court.

4.

Brandy Morris McCrary ("B. Morris"), as a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia her home, is an individual citizen of the state of Georgia.  Morris is subject to the jurisdiction and venue of this Court.

5.

Kasey Morris ("K. Morris"), as a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia her home, is an individual citizen of the state of Georgia.  K. Morris is subject to the jurisdiction and venue of this Court.

6.

Edward Stetson ("E. Stetson"), as a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia his home, is an

individual citizen of the state of Georgia.  E. Stetson is subject to the jurisdiction and venue of this Court.

### JURISDICTION AND VENUE

7.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### NATURE OF ACTION

9.

This is an action for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Plaintiffs and Defendants.

10.

A controversy of a judicial nature presently exists among the parties, which demands a declaration by this Court in order that Plaintiffs may have their rights and duties under the applicable contracts of insurance determined and avoid the possible accrual of damages.

## THE UNDERLYING CLAIMS

11.

Barbara Jean Morris was an employee of Middle Georgia.

12.

In or before December 2008, Middle Georgia discovered that Barbara Jean Morris used her position as an employee to steal money from Middle Georgia.

13.

On or about December 2, 2008, Middle Georgia confronted Barbara Jean Morris about her theft, and Barbara Jean Morris confessed to her wrongdoing.

14.

Middle Georgia terminated the employment of Barbara Jean Morris on December 2, 2008.

15.

Barbara Jean Morris committed suicide on December 2, 2008.

16.

Defendant B. Morris was appointed Administrator of the Estate of Barbara Jean Morris.

17.

Middle Georgia filed a lawsuit in the Superior Court of Bulloch County against B. Morris, K. Morris and E. Stetson, seeking, among other relief, to recover the funds stolen by Barbara Jean Morris or assets sufficient to compensate Middle

- 4 -

Georgia for its loss.  The lawsuit filed by Middle Georgia bears Civil Action File No. 1B10CV232P in the Superior Court of Bulloch County.

18.

In response to the lawsuit filed by Middle Georgia, on May 11, 2010, B. Morris filed a counterclaim against Middle Georgia in the Superior Court of Bulloch County, civil action file no. 1B10CV232P (the "Underlying Lawsuit").  A true and accurate copy of the counterclaim filed by B. Morris in the Underlying Lawsuit is attached hereto as Exhibit A.

19.

In the Underlying Lawsuit, B. Morris asserts claims against Middle Georgia for the wrongful death of Barbara Jean Morris and for attorneys fees.

20.

In the Underlying Lawsuit, B. Morris contends that Middle Georgia's negligent and/or intentional conduct caused Barbara Jean Morris to commit suicide.

21.

In the Underlying Lawsuit, B. Morris seeks damages against Middle Georgia in excess of $75,000, exclusive of interest and costs.

22.

Each named defendant herein has been joined in compliance with case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities who have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

## THE INSURANCE CONTRACTS

23.

Owners issued a commercial general liability ("CGL") insurance policy to Middle Georgia, policy number 994618-48084111-08, with a relevant policy period from August 30, 2008 to August 30, 2009 (the "CGL Policy").

24.

Owners also issued a workers' compensation and employers' liability policy to Middle Georgia, policy number 061718-48484084, with a relevant policy period from August 30, 2008 to August 30, 2009 (the "EL Policy").

25.

Auto-Owners issued a commercial umbrella insurance policy to Middle Georgia, policy number 42-912-208-01, with a relevant policy period from August 30, 2008 to August 30, 2009 (the "Umbrella Policy").

26.

Middle Georgia seeks a defense and indemnity under the CGL Policy, the EL Policy and the Umbrella Policy for the claims asserted against it in the Underlying Lawsuit.

27.

After receiving notice of the counterclaim filed against Middle Georgia in the Underlying Lawsuit, Owners and Auto-Owners issued letters in which they provided notice of their reservation of rights to contest coverage under the CGL Policy, the EL Policy and the Umbrella Policy for the claims asserted in the Underlying Lawsuit.  True and accurate copies of these letters are attached hereto as Exhibit "B".

28.

After receiving notice of the counterclaim filed against Middle Georgia in the Underlying Lawsuit, Plaintiffs retained counsel to defend Middle Georgia against the claims asserted subject to the complete reservation of rights.

29.

None of the insurance policies issued by Plaintiffs afford coverage for the facts and claims upon which the Underlying Lawsuit is based; and, therefore, Plaintiffs have no duty to defend or indemnify any Defendant in the Underlying Lawsuit.

## DECLARATORY JUDGEMENT
## THE CGL POLICY

30.

The insuring agreement of the CGL Policy provides, in pertinent part, the following:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

Commercial General Liability Coverage Form, 55300 (7-05).

31.

Under Coverage A, the CGL Policy also provides:

> b.   This insurance applies to "bodily injury" and "property damage" only if:
>
>    1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
>    (2)   The "bodily injury" or "property damage" occurs during the policy period.
>
>    . . . .

Commercial General Liability Coverage Form, 55300 (7-05).

32.

The CGL Policy further provides:

> "Bodily injury" means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

Commercial General Liability Coverage Form, 55300 (7-05).

33.

The CGL Policy defines an "occurrence" as:

> [A]n accident, including continuous or
> repeated exposure to substantially the same
> general harmful conditions.

Commercial General Liability Coverage Form, 55300 (7-05).

34.

Under Coverage A, the CGL Policy contains certain

exclusions, including the following:

This insurance does not apply to:

a.   Expected or Intended Injury

> "Bodily injury" or "property damage" expected
> or intended from the standpoint of the
> insured....

Commercial General Liability Coverage Form, 55300 (7-05).

35.

The CGL Policy provides that the insurance does not apply

to:

d.   Workers Compensation and Similar Laws

> Any obligation of the insured under a workers
> compensation, disability benefits or
> unemployment compensation law or any similar
> law.

Commercial General Liability Coverage Form, 55300 (7-05).

36.

The CGL Policy further provides that the insurance does not apply to:

    e.   Employer's Liability

       "Bodily injury" to:

       (1)   An "employee" of the insured arising out of and in the course of employment by the insured; or
          . . . .

       This exclusion applies

       (1)   Whether the insured may be liable as an employer or in any other capacity; and

       (2)   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

          . . . .

Commercial General Liability Coverage Form, 55300 (7-05).

37.

The CGL Policy further provides that the insurance does not apply to:

    p.   Employment-Related Practices

       "Bodily injury" to:

       (1)   A person arising out of any:
          . . . .

          (b)   Termination of a person's employment;

          (c)   Employment-related practice, policy, act or omission, including but not limited to coercion, demotion,

evaluation, reassignment,
discipline, defamation,
harassment, humiliation, or
discrimination directed at a
person;

. . . .

This exclusion applies:

(1)   Whether the insured may be
liable as an employer or in
any other capacity;

(2)   Whether the offense is alleged
to arise out of the employment
during the course or scope of
employment, outside the course
or scope of employment or
after termination of
employment;

(3)   Whether directly or indirectly
related to a person's
prospective, current or past
employment; and

(4)   To any obligation to share
damages with or repay someone
else who must pay damages
because of the injury.

Commercial General Liability Coverage Form, 55300 (7-05).

38.

Under the CGL Policy's Commercial General Liability Coverage

Form, Section I, Coverage B, Personal Injury and Advertising

Injury Liability, the insuring agreement provides that:

a.   We will pay those sums that the insured becomes
legally obligated to pay as damages because of
"personal injury" or "advertising injury" to which
this coverage part applies. . . .

Commercial General Liability Coverage Form, 55300 (7-05).

39.

Under Coverage B, the CGL Policy also contains an exclusion for the following:

n.   Employment-Related Practices

(1)   ["Personal injury" or "advertising injury"] [a]rising out of any:

. . . .

(b)   Termination of a person's employment;

(c)   Employment-related practice, policy, act or omission, including but not limited to coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at a person; or

. . . .

This exclusion applies:

(1)   Whether the insured may be liable as an employer or in any other capacity;

(2)   Whether the offense is alleged to arise out of the employment during the course or scope of employment, outside the course or scope of employment or after termination of employment;

(3)   Whether directly or indirectly related to a person's prospective, current or past employment; and

(4)   To any obligation to share damages with or repay someone

- 12 -

                    else who must pay damages
                    because of the injury.

Commercial General Liability Coverage Form, 55300 (7-05).

**COUNT ONE**
**CGL POLICY**

                              40.

     Plaintiffs hereby reallege and incorporate paragraphs 1
through 39 of this Complaint as if set forth fully herein.

                              41.

     Under the terms of the CGL Policy, there is no coverage for
damages because of "bodily injury" which are not the result of an
"occurrence" or accident or which are expected or intended from
the standpoint of the insured.

                              42.

     Plaintiff Owners has no obligation under the CGL Policy to
provide a defense to the Underlying Lawsuit or indemnify any
Defendant for damages that were not accidental or that were
expected or intended by from the standpoint of the insured or
which were known to be substantially certain to occur due to the
insured's knowledge.

                              43.

     Plaintiff Owners is entitled to a judgment declaring that no
Defendant is afforded coverage under the CGL Policy for any
damages which were not caused by an accident, which were expected

or intended from the standpoint of any insured or which were substantially certain to occur.

**COUNT TWO**
**CGL POLICY**

44.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 43 of this Complaint as if set forth fully herein.

45.

The CGL Policy expressly excludes from coverage any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

46.

To the extent the damages sought in the Underlying Lawsuit filed against Middle Georgia arise from an obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law, the CGL Policy affords no coverage for those damages.

47.

Plaintiff Owners has no duty to defend or indemnify any Defendant against the claims set forth in the Underlying Lawsuit because the damages sought arise from an obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

- 14 -

48.

Plaintiff Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the CGL Policy for damages arising from an obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

**COUNT THREE**
**CGL POLICY**

49.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 48 of this Complaint as if set forth fully herein.

50.

The CGL Policy excludes "bodily injury" to an "employee" of the insured arising out of and in the course of employment by the insured.

51.

Plaintiff Owners has no duty to defend or indemnify any Defendant against the claims set forth in the Underlying Lawsuit because the damages sought constitute "bodily injury" to an "employee" of the insured arising out of and in the course of employment by the insured.

52.

Plaintiff is entitled to a judgment declaring that no Defendant is afforded coverage under the CGL Policy for "bodily

- 15 -

injury" to an "employee" of the insured arising out of and in the
course of employment by the insured.

**COUNT FOUR**
**CGL POLICY**

53.

Plaintiffs hereby reallege and incorporate paragraphs 1
through 52 of this Complaint as if set forth fully herein.

54.

The CGL Policy excludes "bodily injury", "advertising
injury" and "personal injury" arising out of any termination of a
person's employment.

55.

All of the damages claimed against Middle Georgia in the
Underlying Lawsuit arise from the termination of a person's
employment.

56.

Plaintiff Owners has no duty to defend or indemnify any
Defendant against the claims set forth in the Underlying Lawsuit
because the damages sought arise from the termination of a
person's employment.

57.

Plaintiff is entitled to a judgment declaring that no
Defendant is afforded coverage under the CGL Policy for any
damages arising from any termination of a person's employment.

**COUNT FIVE**
**CGL POLICY**

58.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 57 of this Complaint as if set forth fully herein.

59.

The CGL Policy excludes "bodily injury", "advertising injury" and "personal injury" arising out of any employment-related practice, policy, act or omission, including but not limited to coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at a person.

60.

All of the damages claimed against Middle Georgia in the Underlying Lawsuit arise from an employment-related practice, policy, act or omission, including but not limited to coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at a person.

61.

Plaintiff Owners has no duty to defend or indemnify any Defendant against the claims set forth in the Underlying Lawsuit because the damages sought arise an employment-related practice, policy, act or omission, including but not limited to coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at a person.

- 17 -

62.

Plaintiff Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the CGL Policy for any damages arising from an employment-related practice, policy, act or omission, including but not limited to coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at a person.

### DECLARATORY JUDGEMENT
### THE EL POLICY

63.

The EL Policy issued to Middle Georgia by Owners provides, under **PART TWO-EMPLOYERS LIABILITY INSURANCE,** the following:

A.    **How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease.  Bodily injury includes resulting death.

1.    The bodily injury must arise out of and in the course of the injured employee's employment by you.    ...

Workers Compensation and Employers Liability coverage form.

64.

The EL Policy issued to Middle Georgia by Owners also provides, under **PART TWO-EMPLOYERS LIABILITY INSURANCE,** the following:

- 18 -

B.    **We Will Pay**

> We will pay all sums you legally must pay as
> damages because of bodily injury to your
> employees, provided the bodily injury is
> covered by this Employers Liability
> Insurance.

Workers Compensation and Employers Liability coverage form.

65.

The EL Policy contains certain Exclusions, including the

following exclusion which provides:

> This insurance does not cover: ...

> 4.    any obligation imposed by a workers
>       compensation, occupational disease,
>       unemployment compensation, or disability
>       benefits law, or any similar law.

Workers Compensation and Employers Liability coverage form.

66.

The EL Policy does not cover:

> 5.    bodily injury intentionally caused or
>       aggravated by you.

Workers Compensation and Employers Liability coverage form.

67.

The EL Policy does not cover:

> 7.    damages arising out of coercion,
>       criticism, demotion, evaluation,
>       reassignment, discipline, defamation,
>       harassment, humiliation, discrimination
>       against or termination of any employee,
>       or any personnel practices, policies,
>       acts or omissions.

Workers Compensation and Employers Liability coverage form.

- 19 -

68.

The EL Policy further provides that:

> We have no duty to defend a claim, proceeding
> or suit that is not covered by this
> insurance.

Workers Compensation and Employers Liability coverage form.

## COUNT ONE
## EL POLICY

69.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 68 of this Complaint as if set forth fully herein.

70.

Under the terms of the EL Policy, there is no coverage for damages because of bodily injury which are not the result of an accident or which are intentionally caused or aggravated by the insured.

71.

Plaintiff Owners has no obligation under the EL Policy to provide a defense to the Underlying Lawsuit or indemnify any Defendant for damages that were not accidental or that were intentionally caused or aggravated by the insured.

72.

Plaintiff Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the EL Policy for any damages which were not caused by an accident or which were intentionally caused or aggravated by the insured.

- 20 -

**COUNT TWO**
**EL POLICY**

73.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 72 of this Complaint as if set forth fully herein.

74.

The EL Policy expressly excludes from coverage any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

75.

To the extent the damages sought in the Underlying Lawsuit filed against Middle Georgia arise from an obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law, the EL Policy affords no coverage for those damages.

76.

Plaintiff Owners has no duty to defend or indemnify any Defendant against the claims set forth in the Underlying Lawsuit because the damages sought arise from an obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

77.

Plaintiff Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the EL Policy for damages

arising from an obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

**COUNT THREE**
**EL POLICY**

78.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 77 of this Complaint as if set forth fully herein.

79.

The EL Policy does not cover damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions.

80.

All of the damages claimed against Middle Georgia in the Underlying Lawsuit arise out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions.

81.

Plaintiff Owners has no duty to defend or indemnify any Defendant against the claims set forth in the Underlying Lawsuit because the damages sought arise out of coercion, criticism,

demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions.

82.

Plaintiff Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the EL Policy for any damages that arise out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions.

**DECLARATORY JUDGEMENT**
**THE UMBRELLA POLICY**

83.

The insuring agreement of the Umbrella Policy issued by Auto-Owners provides, in pertinent part:

> **We** will pay those sums included in **ultimate net loss** that the **insured** becomes legally obligated to pay as damages because of:
>
> 1.  **Bodily injury;**
>
> 2.  **Property damage;**
>
> 3.  **Personal injury;** or
>
> 4.  **Advertising injury;**

to which this insurance applies caused by an
**incident.**

Commercial Umbrella Insurance Policy.

84.

The Umbrella Policy issued by Auto-Owners further provides:

**E.**   **Bodily injury** means bodily injury, bodily sickness
or bodily disease sustained by a person, including
death resulting from any of these at any time.

...

**I.**   **Incident** means either an occurrence or an
offense, whichever is the basis of coverage,
then:

**1.**   When coverage applies on an occurrence
basis, **incident** means an accident with
respect to:

**a.**   **Bodily injury**, including
damages claimed by any person
or organization for care, loss
of services or death resulting
at anytime from the **bodily
injury**; or

**b.**   **Property damage**

including continuous or repeated
exposure to substantially the same
general harmful conditions.
Continuous or repeated exposure to
substantially the same general
harmful conditions constitutes one
**incident.**

**2.**   When coverage applies on an offense
basis, **incident** means an offense
committed by the **insured** resulting in
**personal injury** or **advertising injury**,
including all such injury sustained by
any one person or organization.

- 24 -

Commercial Umbrella Insurance Policy.

85.

The Umbrella Policy also provides:

This policy does not apply to:

     **A.**    Any obligation of the **insured** under a
             workers compensation, disability
             benefits or unemployment compensation
             law, or any similar law.

Commercial Umbrella Insurance Policy.

86.

The Umbrella Policy also provides:

This policy does not apply to:

     **L.**    **Bodily injury**, **personal injury** or
             **advertising injury:**

          **1.**    To a person arising out of
               any: . . .

               **b.**    Termination of a person's employment;

               **c.**    Employment-related practice, policy, act
                    or omission, including but not limited
                    to coercion, demotion, evaluation,
                    reassignment, discipline, defamation,
                    harassment, humiliation, or
                    discrimination directed at a person;
                    . . . .

        This exclusion applies:

          **1.**    Whether the **insured** may be
               liable as an employer in any
               other capacity;

          **2.**    Whether the offense is alleged
               to arise out of the employment
               during the course or scope of
               employment, outside the course
               or scope of employment or

after termination of
employment;

3.   Whether directly or indirectly
related to a person's
prospective, current or past
employment; and

4.   To any obligation to share
damages with or repay someone
else who must pay damages
because of the injury.

Commercial Umbrella Insurance Policy.

87.

The Umbrella Policy also provides:

This policy does not apply to:

M.   **Bodily injury** or **property damage**
expected or intended from the standpoint
of the **insured.**   This exclusion does not
apply to **bodily injury** resulting from
the use of reasonable force to protect
persons or property.

Commercial Umbrella Insurance Policy.

88.

By Endorsement 26829 (7-05), the Umbrella Policy provides,

in pertinent part:

This policy does not apply to:

**Personal injury** or **advertising injury.**   All
other policy terms and conditions apply.

Commercial Umbrella Insurance Policy.

## COUNT ONE
## <u>UMBRELLA POLICY</u>

89.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 88 of this Complaint as if set forth fully herein.

90.

Under the terms of the Umbrella Policy, there is no coverage for damages because of **bodily injury** which are not the result of an **incident** or accident or which are expected or intended from the standpoint of the insured.

91.

Plaintiff Auto-Owners has no obligation under the Umbrella Policy to provide a defense to the Underlying Lawsuit or indemnify any Defendant for damages that were not accidental or that were expected or intended by from the standpoint of the insured or which were known to be substantially certain to occur due to the insured's knowledge.

92.

Plaintiff Auto-Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the Umbrella Policy for any damages which were not caused by an accident, which were expected or intended from the standpoint of any insured or which were substantially certain to occur.

- 27 -

## COUNT TWO
## UMBRELLA POLICY

93.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 92 of this Complaint as if set forth fully herein.

94.

The Umbrella Policy expressly excludes from coverage any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

95.

To the extent the damages sought in the Underlying Lawsuit filed against Middle Georgia arise from an obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law, the Umbrella Policy affords no coverage for those damages.

96.

Plaintiff Auto-Owners has no duty to defend or indemnify any Defendant against the claims set forth in the Underlying Lawsuit because the damages sought arise from an obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

97.

Plaintiff Auto-Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the Umbrella Policy

for damages arising from an obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

## COUNT THREE
## UMBRELLA POLICY

98.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 97 of this Complaint as if set forth fully herein.

99.

The Umbrella Policy excludes **bodily injury, personal injury** and **advertising injury** arising out of any termination of a person's employment.

100.

All of the damages claimed against Middle Georgia in the Underlying Lawsuit arise from the termination of a person's employment.

101.

Plaintiff Auto-Owners has no duty to defend or indemnify any Defendant against the claims set forth in the Underlying Lawsuit because the damages sought arise from the termination of a person's employment.

102.

Plaintiff is entitled to a judgment declaring that no Defendant is afforded coverage under the Umbrella Policy for any damages arising from any termination of a person's employment.

## COUNT FOUR
## <u>UMBRELLA POLICY</u>

103.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 102 of this Complaint as if set forth fully herein.

104.

The Umbrella Policy excludes **bodily injury**, **personal injury** and **advertising injury** arising out of any employment-related practice, policy, act or omission, including but not limited to coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at a person.

105.

All of the damages claimed against Middle Georgia in the Underlying Lawsuit arise from an employment-related practice, policy, act or omission, including but not limited to coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at a person.

106.

Plaintiff Auto-Owners has no duty to defend or indemnify any Defendant against the claims set forth in the Underlying Lawsuit because the damages sought arise an employment-related practice, policy, act or omission, including but not limited to coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at a person.

107.

Plaintiff Auto-Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the Umbrella Policy for any damages arising from an employment-related practice, policy, act or omission, including but not limited to coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at a person.

## COUNT FIVE
## UMBRELLA POLICY

108.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 107 of this Complaint as if set forth fully herein.

109.

The Umbrella Policy excludes coverage for all **personal injury** or **advertising injury**.

110.

To the extent the Underlying Lawsuit seeks damages against Middle Georgia because of alleged **personal injury** or **advertising injury**, the Umbrella Policy affords no coverage for those damages.

111.

Plaintiff Auto-Owners has no duty to defend or indemnify any Defendant against the claims set forth in the Underlying Lawsuit

to the extent the damages sought are for **personal injury** or **advertising injury**.

112.

Plaintiff Auto-Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the Umbrella Policy for any damages because of **personal injury** or **advertising injury**.

WHEREFORE, Plaintiffs pray that this Court enter judgment that they have no duty to defend or indemnify any Defendant under the CGL Policy, the EL Policy or the Umbrella Policy for the claims asserted in the Underlying Lawsuit; that this Court bind each and every named party herein by said judgment; that Plaintiffs be awarded costs in this action; and for such further relief as this Court may deem just and appropriate.

This 20th day of May, 2011.

Respectfully submitted,

TALLEY, FRENCH & KENDALL, P.C.


   s/ Michael C. Kendall
Michael C. Kendall
Georgia Bar No. 414030
*Counsel for Plaintiffs*

3152 Golf Ridge Boulevard
Suite 201
Douglasville, Georgia 30135
Telephone: 770-577-3559
Facsimile: 770-577-8113
Email: mckendall@bellsouth.net